989 So.2d 462 (2008)
Timothy DAMPEER a/k/a Fatty Hatty, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01901-COA.
Court of Appeals of Mississippi.
August 19, 2008.
*463 George T. Holmes, Leslie S. Lee, Jackson, Daniel Dewayne Ware, Magee, attorneys for appellant.
Office of the Attorney General by Lisa Lynn Blount, attorney for Appellee.
Before MYERS, P.J., IRVING and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Timothy Dampeer was convicted by a jury in the Simpson County Circuit Court of possession of cocaine. He was sentenced as a habitual offender and ordered to serve a term of four years in the custody of the Mississippi Department of Corrections, without the possibility of probation or parole. Aggrieved, Dampeer appeals and raises one issue: whether the trial court erred in denying his motion for a directed verdict of acquittal or his motion for a judgment notwithstanding the verdict. We find no error and affirm.

FACTS
¶ 2. On the night of January 6, 2006, several officers of the Mendenhall Police Department were patrolling the streets. As the officers proceeded down Lee Street, they stumbled upon a "block party" of sorts. The attendees consisted of Dampeer; his girlfriend, Shanda Hall; his cousin, Dorothy Norwood; Anthony Reed; and several others.[1] Officer Chris Seghini saw Reed standing in the middle of the street holding a brown bag, which Reed tossed as Officer Seghini neared. Officer Seghini parked his patrol car and noticed Dampeer standing beside a nearby vehicle. As he approached Reed, Dampeer "took off running." A foot chase ensued during which Officer Seghini observed Dampeer toss a pill bottle. Officer Seghini "looked where the pill bottle was and proceeded after [Dampeer]." The chase ended moments later as Dampeer attempted to cross a drainage ditch. Officer Seghini apprehended Dampeer, placed him in the *464 patrol car, and went back to retrieve the pill bottle. He found the pill bottle, opened it, and discovered what appeared to be crack cocaine. A search of Dampeer's person revealed $1,280 dollars in one of his pant's pockets. Several other partygoers were arrested by several other officers during the incident.
¶ 3. The pill bottle and its contents were submitted to the Mississippi Crime Laboratory for testing. Tara Milam, a forensic scientist, performed an analysis and determined that the pill bottle contained cocaine. Dampeer was indicted for possession of 0.5 gram of cocaine pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005). At trial, the State called Officer Seghini and Milam; each testified in accordance with the above-mentioned facts. The State then rested, and Dampeer made a motion for a directed verdict of acquittal. The trial court overruled this motion, and Dampeer proceeded with his case-in-chief.
¶ 4. Dampeer first called Hall, who was with him on Lee Street on the night of his arrest. According to Hall, everyone "took off running" as the police pulled onto Lee Street. Hall fled in a different direction from Dampeer and did not witness his pursuit or apprehension. When she returned from her flight, Dampeer was already in custody. Hall stated that she did not see any drugs on Dampeer that night. Dampeer next called Norwood to testify. Norwood also testified that she had no knowledge that Dampeer had cocaine in his possession on the night in question. She offered nothing further of any relevance. At the conclusion of Norwood's testimony, Dampeer rested.
¶ 5. After its deliberation, the jury returned a verdict of guilty. Dampeer filed a motion for a judgment notwithstanding the verdict, which the trial judge denied. Aggrieved, Dampeer now appeals.

DISCUSSION

Whether the trial court erred in denying Dampeer's motions for directed verdict and for judgment notwithstanding the verdict.
¶ 6. We review the denial of a motion for directed verdict and a motion for a judgment notwithstanding the verdict under the same standard of review, as both challenge the legal sufficiency of the evidence. Tran v. State, 785 So.2d 1112, 1116(¶ 8) (Miss.Ct.App.2001) (citations omitted). On appeal, we review a challenge to the sufficiency of the evidence on the last occasion that the trial court ruled on the sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). In this case, the last occasion on which the trial court ruled on the legal sufficiency of the evidence was in Dampeer's motion for a judgment notwithstanding the verdict.
¶ 7. In reviewing a challenge to the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prosecution and accept all evidence supporting the verdict as true. Ellis v. State, 778 So.2d 114, 117(¶ 7) (Miss.2000) (citing Davis v. State, 568 So.2d 277, 281 (Miss.1990)). The State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Seeling v. State, 844 So.2d 439, 443(¶ 8) (Miss.2003). We will reverse only where, "`with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.'" Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998) (quoting Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).
¶ 8. Dampeer argues that the evidence was insufficient to establish beyond a reasonable *465 doubt that the drugs he allegedly threw were the same drugs recovered by Officer Seghini. He makes much of the fact that other people in the Lee Street area were also arrested at the same time. In support of his argument, Dampeer cites several cases dealing with constructive possession: Dixon v. State, 953 So.2d 1108 (Miss.2007); Jones v. State, 693 So.2d 375 (Miss.1997); Powell v. State, 355 So.2d 1378 (Miss.1978); Hamburg v. State, 248 So.2d 430 (Miss.1971); Robinson v. State, 967 So.2d 695 (Miss.Ct.App.2007). Dampeer essentially argues that the State failed to prove that he constructively possessed the cocaine due to a lack of facts connecting him to the cocaine, in addition to his physical proximity.
¶ 9. In the instant case, the State was required to prove beyond a reasonable doubt that Dampeer "knowingly or intentionally" possessed the cocaine recovered by Officer Seghini. Miss.Code Ann. § 41-29-139. In Hamm v. State, 735 So.2d 1025, 1028-29(¶ 13) (Miss.1999) (citation omitted), the Mississippi Supreme Court stated that in order for the State to prove possession:
There must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
¶ 10. Dampeer's reliance on a theory of constructive possession is misplaced. "Possession of a controlled substance may be actual or constructive...." Dixon, 953 So.2d at 1112(¶ 9) (citing Berry v. State, 652 So.2d 745, 748 (Miss. 1995)) (emphasis added). The application of the theory of constructive possession would be appropriate if the evidence was insufficient to establish that Dampeer was in actual possession of the cocaine. See Hicks v. State, 580 So.2d 1302, 1306 (Miss. 1991) (holding that trial court did not err in refusing defendant's proposed jury instructions regarding constructive possession because a police officer observed the defendant throw the drugs across a ditch). However, we find that the State presented ample evidence to establish that Dampeer was in actual possession of the cocaine.
¶ 11. Officer Seghini observed Dampeer throw the pill bottle down. He noted where the pill bottle landed and recovered it within minutes. While persons other than Dampeer also fled from Lee Street when the officers pulled up, there was no evidence presented that anyone else passed over the same path of Dampeer's flight. Although others were arrested on drug charges, Officer Seghini testified that the other drugs were recovered "in different parts of the area."
¶ 12. Viewed in the light most favorable to the verdict, we find that the evidence is not such that reasonable jurors could have only found Dampeer not guilty. Accordingly, we find that the State presented sufficient evidence to establish that Dampeer was in possession of cocaine. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF THIS *466 APPEAL ARE ASSESSED TO SIMPSON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Hall testified that there were numerous people standing in "different crowds" up and down the street.