ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. A jury sitting before the Claiborne County Circuit Court found Terrance Gary guilty of manslaughter by culpable negligence. The circuit court sentenced Gary to twenty years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Gary appeals and claims the circuit court erred when it: (1) denied his motion for a directed verdict and (2) denied his motion for a new trial. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On November 8, 2006, Louis Trevil-lion and Gary’s cousin, Vernon Gary (Vernon), were involved in an altercation in the parking lot of the New Store on Highway 18 in Hermanville, Mississippi. A crowd gathered shortly after the fight began. Gary and Louis’s brother, John, were in the crowd. Gary wanted to break up the fight, but John wanted to let Louis and Vernon fight. Vernon had Louis on the ground, and the two were locked up in more of a wrestling match.
 

 ¶ 3. John was near the fight wielding a stick. Gary went to Vernon’s car and armed himself with a 9 millimeter pistol and walked back to the area of the fight. John was also armed with a .45 caliber pistol. Gary pulled his pistol and pointed it at John. When John drew his own pistol, Gary fired. There was other testimony, however, that John fired the first shot. In either event, John returned fire and then ran away. Gary began shooting in John’s direction across the parking lot. Several shots were fired. The shooting ceased when the victim, Louis, yelled after being
 
 *771
 
 shot. When Vernon realized that Louis had been shot, he got off of him and ran to his car. John and Gary both fled the scene of the shooting. Edward Jenkins, a bystander, ran to get his truck to take Louis to the hospital. By this time, however, Louis had collapsed in the parking lot. An autopsy determined that Louis was killed by a bullet that entered his left shoulder and punctured both of his lungs and his heart.
 

 ¶ 4. Officers from the Claiborne County Sheriffs Department arrived at the scene shortly after the shooting and were notified that Gary was at the station to turn himself in. The 9 millimeter pistol that Gary shot was also recovered from one of Gary’s relatives. Later that day, officers picked up John, and he turned the .45 caliber pistol that he had shot over to the officers. Both Gary and John admitted that they shot their pistols that day, and both pistols were turned in as evidence to the Mississippi Crime Laboratory.
 

 ¶ 5. The bullet recovered from Louis’s body was identified by the Mississippi Crime Laboratory as a 9 millimeter bullet. It was determined that the bullet could not have been fired from John’s pistol. However, it was consistent with ammunition used in Gary’s pistol.
 

 ¶ 6. At the close of the State’s case-in-chief, Gary filed an unsuccessful motion for a directed verdict. The jury found Gary guilty of manslaughter by culpable negligence, and he was sentenced to twenty years in the custody of the MDOC. Gary filed a post-trial motion for a judgment notwithstanding the verdict or, alternatively, for a new trial, which was denied. Aggrieved, Gary now appeals.
 

 ANALYSIS
 

 I. SUFFICIENCY OF THE EVIDENCE
 

 ¶ 7. Gary claims that the evidence against him was legally insufficient to find him guilty of manslaughter by culpable negligence. The State contends that Gary is procedurally barred from raising the issue of whether the trial court erred in denying his motion for directed verdict because he presented evidence after the circuit court denied his motion for a directed verdict. When a defendant files an unsuccessful motion for directed verdict, and then puts forth his own evidence, that motion is waived.
 
 Jordan v. State,
 
 936 So.2d 368, 372(1119) (Miss.Ct.App.2005). However, in his motion for a JNOV, Gary again challenged the sufficiency of the evidence, thereby preserving the issue for review.
 
 Lambert v. State,
 
 462 So.2d 308, 313 (Miss.1984).
 

 ¶ 8. A motion for a JNOV in which the sufficiency of the evidence is challenged must be specific.
 
 Jordan,
 
 936 So.2d at 372(¶ 20). Without specificity as to how the evidence was insufficient, the trial court will not be determined to be in error for denying the motion.
 
 Id.
 
 Gary’s motion for a JNOV was very general in nature. It states only that (1) the “verdict is contrary to the evidence and without sufficient evidence to support it”; (2) “the verdict is strongly against the weight of the evidence”; (3) “the testimony of the State’s expert witnesses contradicted each other”; (4) “the verdict is contrary to law and principles of justice and equity”; and (5) “the interest of justice is best served by granting the defendant a new trial.” This does not pass for specificity. However, notwithstanding Gary’s failure to challenge the sufficiency of the evidence with specificity, we will address this issue for the sake of discussion.
 

 ¶ 9. In reviewing the sufficiency of the evidence, the standard of review dictates that: “We give the prosecution
 
 *772
 
 the benefit of all favorable inferences that may reasonably be drawn from the evidence.”
 
 Id.
 
 at 373(¶ 24). In reviewing the evidence, if we find that reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to be sufficient.
 
 Bush v. State,
 
 895 So.2d 836, 843(¶ 16) (Miss.2005) (citing
 
 Edwards v. State,
 
 469 So.2d 68, 70 (Miss.1985)). We review the circuit court’s ruling on the last occasion when the sufficiency of the evidence was challenged.
 
 Hodges v. State,
 
 743 So.2d 319, 325(¶ 36) (Miss.1999). Gary last challenged the sufficiency of the evidence in his motion for a JNOV.
 

 ¶ 10. Gary admitted that he shot his 9 millimeter pistol during the fight. John fired a .45 caliber pistol. Although Gary argues that the State’s expert witnesses contradicted each other, there was no such contradiction. The autopsy report prepared by Dr. Steven Hayne indicated that the bullet found lodged in the victim’s rib cage was “consistent with a .380 caliber projectile.” Dr. Hayne testified at trial that he indeed reported that the bullet was consistent with a .380 caliber projectile, but that he always defers to the Mississippi Crime Laboratory to make the final determination on the caliber of the bullet and any other examination of the weapon. Dr. Hayne stated that he is not a firearms expert. Starks Hathcock, a forensic scientist specializing in firearm examination at the Mississippi Crime Laboratory, testified that the bullet was, in fact, a 9 millimeter bullet. He explained that a 9 millimeter bullet is very similar to the .380 caliber bullet and that the only difference is that the .380 caliber bullet is slightly shorter and, therefore, weighs less. The testimony of the two expert witnesses is not contradictory.
 

 ¶ 11. Several witnesses testified that they saw two people firing their weapons in the parking lot that day. Only one witness, Jenkins, testified that there was a third handgun at the scene. He testified that when Gary went to Vernon’s vehicle to arm himself, that David,
 
 [1]
 
 a passenger in that vehicle, also had a pistol. Jenkins could not identify that pistol and testified that “[i]t could have been fake.” Where the evidence is conflicting, the jury will be the sole judge of the credibility of the witnesses and the weight and credibility of their testimonies.
 
 Gathright v. State,
 
 380 So.2d 1276, 1278 (Miss.1980). In a criminal prosecution, the jury may accept the testimony of some witnesses and reject that of others, and the jury may accept in part and reject in part the evidence on behalf of the State or on behalf of the accused.
 
 Id.
 
 The credibility of the witnesses is not for the reviewing court to decide.
 
 Id.
 

 ¶ 12. Culpable-negligence manslaughter is provided for in Mississippi Code Annotated section 97-3-47 (Rev.2006), which states that “[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title shall be manslaughter.” Culpable negligence has been defined as “negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life.”
 
 Staten v. State,
 
 989 So.2d 938, 944(¶ 13) (Miss.Ct.App.2008) (citing
 
 Clayton v. State,
 
 652 So.2d 720, 726 (Miss.1995)).
 

 ¶ 13. Testimony shows that there were two guns fired, a .45 caliber pistol and a 9
 
 *773
 
 millimeter pistol. The wounds caused by a 9 millimeter bullet were determined to be the cause of Louis’s death. Gary argues that since the State’s experts could not positively include or exclude Gary’s gun as the one that fired the fatal bullet, the evidence is not sufficient to convict. Hath-cock testified that the fatal bullet featured class characteristics of having been fired from a 9 millimeter pistol, and he positively ruled out the bullet having been fired from the .45 caliber pistol. Gary testified and admitted that he fired a 9 millimeter pistol when Louis and Vernon were fighting.
 

 ¶ 14. Reviewing the evidence in the light most favorable to the State and “giv[ing] the State the benefit of all favorable inferences that may reasonably be drawn from the evidence” we find that fair-minded jurors could have found that Gary, having fired the 9 millimeter pistol, was the one who fired the fatal bullet.
 
 Jordan,
 
 936 So.2d at 373(¶ 24). In firing his pistol across a crowded parking lot, the jury found that Gary possessed “the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as the result of the willful creation of an unreasonable risk” required to convict him of manslaughter by culpable negligence.
 
 Campbell v. State,
 
 285 So.2d 891, 893 (Miss.1973). We find that there was sufficient evidence to support that conclusion.
 

 II. WEIGHT OF THE EVIDENCE
 

 ¶ 15. Gary argues the same facts in this assignment of error that he did in his challenge of the sufficiency of the evidence. Gary claims that the bullet which killed Louis was not fired from his pistol and that there is no causal connection between Louis’s death and the fact that he fired his pistol during the fight.
 

 ¶ 16. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush,
 
 895 So.2d at 844(¶ 18) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)). On a motion for new trial, the circuit court sits as a thirteenth juror and only in exceptional cases in which the evidence preponderates heavily against the verdict will a new trial be granted.
 
 Id.
 
 (citing
 
 Amiker v. Drugs For Less, Inc.,
 
 796 So.2d 942, 947(¶ 18) (Miss.2000)). Our review requires that we weigh the evidence in the light most favorable to the verdict.
 
 Id.
 

 ¶ 17. Looking at the evidence as a limited “thirteenth juror” in this case and viewing the evidence in the light most favorable to the verdict, we cannot say that the guilty verdict would sanction an unconscionable injustice. We find that the evidence does not preponderate heavily against the verdict, and the trial court did not abuse its discretion in denying Gary’s motion for a new trial. This issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER BY CULPABLE NEGLIGENCE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . When Jenkins testified, he did not give David's last name, and he was not asked to elaborate further.