MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. Following a jury trial in the Circuit Court of Tunica County, Roshun Woods was convicted of possession of a controlled substance within a correctional facility. Woods was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections (MDOC). Woods appeals asserting that insufficient evidence was presented to sustain her conviction and that the jury’s verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 ¶ 2. On September 17, 2006, Woods went to a Dollar General store and bought deodorant, soap, and toothpaste for her husband, Dewayne Woods, an inmate in the Tunica County Jail. She was accompanied by her husband’s godmother, Eunice Odums. Woods testified that she went directly to the jail from Dollar General to deliver the items to her husband and she had custody of the items at all times. Woods signed the items in with the jail receptionist, Jannie Robertson, but had to wait to drop off the Dollar General bag until a jailer was available to receive the toiletries. Woods then gave the bag to the jailer, James Clark. Clark was just beginning his break, so he left the bag with
 
 *819
 
 Robertson. Robertson testified that no one else had access or contact with the bag during this time period.
 

 ¶ 3. When Clark returned from his break, he examined the items Woods had left for her husband. During the inspection, he and another jailer discovered two rolls of marijuana, aluminum foil, and a blunt cigar inside of a deodorant container. Clark reported the contraband to the warden, who then contacted Detective Cedric Milburn of the Tunica County Sheriffs Department. All of the items were properly secured. After speaking with Clark, Detective Milburn located Woods and Odums, who had just returned home from the casinos. Woods gave Detective Milburn consent to search her vehicle. Inside the vehicle, Detective Milburn found a Dollar General receipt with the items listed that had been delivered to the jail.
 

 ¶ 4. Woods was advised of her
 
 Miranda
 
 rights, which she waived, and agreed to be interviewed by Detective Milburn and another officer. Woods admitted she had purchased the items from Dollar General and delivered them to the Tunica County Jail. She also admitted the toiletries had been in her control the entire time until she delivered them. However, she denied putting the contraband in the deodorant container. Odums testified that she had been with Woods the entire time and did not see Woods place drugs in the deodorant container. But Odums explained that she stayed inside the car while Woods was inside Dollar General and while Woods went inside the jail.
 

 ¶ 5. Following a one-day trial, the jury convicted Woods of possession of a controlled substance within a correctional facility. Woods filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. This motion was denied by the circuit court, and Woods timely appeals.
 

 ANALYSIS
 

 Sufficiency and Weight of the Evidence
 

 ¶ 6. A motion for a JNOV challenges the sufficiency of the evidence.
 
 Gary v. State,
 
 11 So.3d 769, 771 (¶ 8) (Miss.Ct.App.2009) (citing
 
 Jordan v. State,
 
 936 So.2d 368, 372 (¶20) (Miss.Ct.App.2005)). This Court reviews the denial of a motion for a JNOV in the following manner:
 

 Upon reviewing a denial of the motion for judgment notwithstanding the verdict, this Court will consider the evidence in the light most favorable to the appellee [ (the state) ], giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant [ (the defendant) ] that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standard of review, however, is predicated on the fact that the trial judge applied the correct law.
 

 Moore v. State,
 
 873 So.2d 129, 132 (¶ 13) (Miss.App.Ct.2004) (quoting
 
 Jackson v. State,
 
 815 So.2d 1196, 1202 (¶ 14) (Miss.2002)).
 

 ¶ 7. Our review of the denial of a motion for a new trial differs slightly. In considering whether the verdict is against the overwhelming weight of the evidence, we weigh the evidence in the light most favorable to the verdict.
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005) (citation omitted). “[W]e will disturb a jury verdict only when convinced that the circuit court has abused its discretion in fail
 
 *820
 
 ing to grant a new trial or if the final result will result in an unconscionable injustice.”
 
 Ford v. State,
 
 753 So.2d 489, 490-91 (¶8) (Miss.Ct.App.1999) (quoting
 
 Danner v. State,
 
 748 So.2d 844, 846 (¶ 7) (Miss.Ct.App.1999)).
 

 ¶ 8. Woods claims the State offered insufficient evidence to sustain her conviction.
 
 [1]
 
 She also contends the verdict is against the overwhelming weight of the evidence.
 

 ¶ 9. In support of her sufficiency and weight of the evidence arguments, she claims it would have been “impossible” for her to hide the drugs in the deodorant container during the three to five minutes it took to get from the store to the jail. Woods places great emphasis on Odums’s testimony that she was with Woods from the time she bought the deodorant at Dollar General until she delivered it to the jail, and Odums did not see Woods place anything inside the deodorant container.
 
 [2]
 

 ¶ 10. To sustain a conviction under Mississippi Code Annotated section 47-5-198(1) (Rev.2004), the State must prove the defendant unlawfully possessed a “controlled substance or narcotic drug” within “any correctional facility ... within the state or any county, municipal or other jail within the state.... ”
 

 ¶ 11. Robertson, the jail receptionist, testified that Woods brought a Dollar General bag into the jail containing items, which appeared to be toothpaste, soap, and deodorant. Robertson testified that she did not tamper with the items in the bag, and she stated that she turned over the items to the jailer, Clark. Clark testified that he and another jailer inspected the items and found marijuana inside the deodorant container.
 

 ¶ 12. We are reminded that the “testimony of a single uncorroborated witness can sustain a conviction even though there may be more than one witness testifying to the contrary.”
 
 Williams v. State,
 
 970 So.2d 727, 736 (¶31) (Miss.Ct.App.2007) (citation omitted). Considering the evidence in the light most favorable to the verdict as we are bound to do,
 
 see Bush,
 
 895 So.2d at 844 (¶ 18), we find it was quite reasonable for the jury to infer that Woods concealed the marijuana in the deodorant container in an effort to smuggle the drugs to her husband, who was an inmate in the Tunica County Jail.
 

 ¶ 13. Woods asserts a defense of impossibility based on the short amount of time at issue and on Odums’s testimony that she did not see Woods place anything inside the deodorant container. However, Odums admitted she was not with Woods inside Dollar General when Woods purchased the items or during the time Woods transported the toiletries into the jail.
 
 *821
 
 “[W]e do not reverse criminal cases where there is a straight issue of fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury.”
 
 Hales v. State,
 
 933 So.2d 962, 968-69(24) (Miss.2006) (quoting
 
 Hyde v. State,
 
 413 So.2d 1042, 1044 (Miss.1982)). Woods’s appeal is based on a factual dispute that the jury resolved in the State’s favor, and the jury obviously rejected Woods’s impossibility defense.
 

 ¶ 14. Therefore, we And that sufficient evidence was presented to the jury to sustain Woods’s conviction under section 47-5-198(1) and that the jury’s guilty verdict is not against the overwhelming weight of the evidence. To rule otherwise would invade the province of the jury.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE WITHIN A CORRECTIONAL FACILITY AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED WITHOUT THE POSSIBILITY OF PAROLE, PROBATION, SUSPENSION OF SENTENCE, EARNED TIME ALLOWANCE, OR ANY OTHER REDUCTION OF SENTENCE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Woods argues that the trial court erred in denying her motion for a directed verdict as well as her motion for a JNOV. However, ''[w]hen a defendant files an unsuccessful motion for directed verdict, and then puts forth his own evidence, that motion is waived.”
 
 Gary,
 
 11 So.3d at 771 (¶ 7). Although Woods's challenge to the denial of her motion for a directed verdict is barred for this reason, she again challenged the sufficiency of the evidence in her motion for a JNOV, which preserved the issue for our review.
 
 See id.
 

 [2]
 

 . We note at the outset that Woods did not argue these same points in her motion for JNOV or, in the alternative, a new trial. A motion for a JNOV must be specific as to the reasons the evidence is insufficient; otherwise, the trial court "will not be determined to be in error for denying the motion.”
 
 Gary,
 
 11 So.3d at 771 (¶ 8). Since Woods only provided the trial court with the general objection that "[t]he verdict is not based on sufficient evidence” along with some other equally general objections, her argument regarding the sufficiency of the evidence is procedurally barred. Nevertheless, we will address the merits of her claim.