ROBERTS, J.,
for the Court:
¶ 1. A Warren County grand jury indicted Otis Lee Ross Sr., as a habitual offender, on one count of aggravated assault against Richard Bradford. Ross was convicted on this count by a jury in the Warren County Circuit Court. He was subsequently sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC), as a habitual offender. The circuit court denied Ross’s motion for a judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial. He did not timely file a notice of appeal; however, his later motion for an out-of-time appeal was granted. Aggrieved by his conviction, Ross executed the current appeal. Finding no error, we affirm Ross’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 14, 2007, Bradford and Ross were at an apartment complex on Bowmar Avenue in Warren County. The incidents occurring that day were disputed at trial. Bradford testified that he had given Ross five dollars to purchase some beer for him. And when Ross returned from the store with no beer, he denied that Bradford had given him any money. Disgruntled with Ross’s failure to bring beer or return his five dollars, Bradford followed Ross to the door of his apartment and again requested his money. According to Bradford, the two men exchanged words and Bradford shoved Ross before turning around and walking away from the door. Bradford testified that he then heard someone say to look out, and when he turned around, he saw Ross coming toward him with a butcher knife. The two men wrestled and Bradford received multiple stab wounds before the knife’s blade and handle broke. Bradford testified that when the knife broke, Ross ran back into his apartment.
¶ 3. Ross testified as to a different series of events. According to Ross, he had never seen or met Bradford until that day, and he was not outside drinking beer with Bradford that day, as Bradford testified. Ross stated that he was asleep in the apartment and that a phone call between one and two in the afternoon woke him up from his sleep. He then testified that he went outside to tell his sister’s boyfriend that someone was on the way to pick them up and take them to the hospital to see his sister. After telling his sister’s boyfriend the information, Ross claimed that Bradford, a man he had never seen or met before, stood up and asked for the five dollars. After exchanging words, Ross attempted to go back inside the apartment when Bradford grabbed him by his shirt and threw him down by another apartment and near some vehicles. According to Ross, Bradford then pulled out a butcher knife, and Ross began wrestling with Bradford for control of the knife. Ross testified he was cut on the hand as a result of the scuffle, and that the injuries Bradford suffered occurred when Bradford fell on the knife during the scuffle. Ross was able to get back into his apartment, where he went to treat his hand injury.
¶ 4. After the altercation, a bloody Bradford approached a parked police car across the street from the apartment complex. After being asked by the police officer, Bradford was able to indicate which apartment the person who stabbed him went into. After repeatedly knocking on the apartment door, the police were eventually able to have Ross answer the door. They then immediately detained him and ultimately arrested him for aggravated assault. Bradford had received injuries to his eye, nose, arm, shoulder, and leg.
*281 ¶ 5. A grand jury indicted Ross on July 24, 2007, on one count of aggravated assault, as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). Following a two-day trial, a jury convicted Ross of one count of aggravated assault in violation of Mississippi Code Annotated section 97-8-7(2) (Supp. 2012). Ross was sentenced to serve fifteen years as a habitual offender in the custody of the MDOC.[1] On January 1, 2009, Ross filed a motion for a JNOV or, in the alternative, a motion for a new trial; the circuit court denied that motion. After failing to timely file a notice of appeal, Ross filed a motion for an out-of-time appeal. This motion was granted, and Ross filed the current appeal.
¶ 6. On appeal, Ross raises two issues:
I. The evidence was insufficient to support a conviction of aggravated assault.
II. The verdict [was] against the overwhelming weight of the evidence, which established] that Ross acted in necessary self-defense.
ANALYSIS
I. SUFFICIENCY OF THE EVIDENCE
¶ 7. “A motion for a JNOV challenges the sufficiency of the evidence.” Woods v. State, 19 So.3d 817, 819 (¶ 6) (Miss.Ct.App.2009) (citing Gary v. State, 11 So.3d 769, 771 (¶8) (Miss.Ct.App.2009)). In reviewing the denial of a motion for a JNOV, “this Court will consider the evidence in the light most favorable to the appellee[,] ... giving [the appellee] the benefit of all favorable inferencefs] that may be reasonably drawn from the evidence.” Id. (quoting Moore v. State, 873 So.2d 129, 132 (¶ 13) (Miss.App.Ct.2004)). And, “if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair[-]minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.” Id.
¶ 8. Ross argues on appeal that the State “failed to produce any corroborating testimony that Ross instigated the fight between himself and Bradford.” He submits that by the State’s failure to present any evidence, aside from the victim’s “uncorroborated” testimony, that Ross attempted to cause bodily harm to Bradford, it failed to prove a necessary element of the crime of aggravated assault. Lastly, he submits that Bradford’s testimony, without other corroborating testimony, was insufficient to rebut Ross’s claim of self-defense; therefore, the State did not meet its burden of proving Ross did not act in self-defense.
¶ 9. Ross was convicted of violating Mississippi Code Annotated section 97-3-7(2)(a), which provides that “[a] person is guilty of aggravated assault if he ... attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]” It is well settled that “the defendant is not required to prove that he acted in self-defense, and, if a reasonable doubt of his guilt arises from the evidence, including evidence of self-defense, he must be acquitted.” Steele v. State, 852 So.2d 78, 81 *282 (¶ 17) (Miss.Ct.App.2003) (quoting Sloan v. State, 368 So.2d 228, 229 (Miss.1979)).
¶ 10. Reviewing the evidence in the light most favorable to the State, we find sufficient evidence exists for any reasonable trier of fact to have found beyond a reasonable doubt that Ross was guilty of aggravated assault. The jury was presented with conflicting testimony about the events that occurred. When there is conflicting testimony presented, “the jury determines the credibility of the witnesses and resolves conflicts in the evidence.” Carpenter v. State, 102 So.3d 290, 294 (¶ 10) (Miss.Ct.App.2012) (citing Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003)). To aid in resolving the conflicting testimony, there was also testimony from the nearby police officer that Bradford immediately approached his vehicle while covered in blood from five separate stab wounds, and that Bradford indicated the occupant in a particular apartment was the one who had just stabbed him. The sole occupant in that particular apartment at the time was found to be Ross.[2] Additionally, the plausibility of Ross’s claim of self-defense is highly questionable. Ross suffered a minor cut on his hand as a result of the incident; however, Bradford, who Ross claims was the initial aggressor who had sole possession of the knife at all times, suffered five injuries. Based on the evidence presented, a reasonable jury could have found that the State proved the essential elements of the crime of aggravated assault, including that Ross was not acting in self-defense. Therefore, we find that this issue is without merit.
II. WEIGHT OF THE EVIDENCE
¶ 11. “A motion for a new trial challenges the weight of the evidence.” Beckum v. State, 917 So.2d 808, 812 (¶ 10) (Miss.Ct.App.2005) (citing Carr v. State, 774 So.2d 469 (¶ 15) (Miss.Ct.App.2000)). Our standard of review in challenges to the weight of the evidence requires us to review “the evidence in the light most favorable to the verdict,” and determine whether the verdict is “so contrary to the overwhelming weight of the evidence that to allow it to stand would bring about an unconscionable injustice.” Jones v. State, 95 So.3d 641, 647 (¶ 20) (Miss.2012) (citing Sanders v. State, 63 So.3d 497, 503 (¶ 18) (Miss.2011)). In reviewing the weight of the evidence supporting a verdict, this Court will not “pass upon the credibility of witnesses and, where the evidence justifies a verdict, it must be accepted as having been found worthy of belief.” Massey v. State, 992 So.2d 1161, 1163 (¶ 12) (Miss.2008) (citing Moore v. State, 933 So.2d 910, 922 (¶ 43) (Miss.2006)).
¶ 12. Ross argues that “the overwhelming weight of the evidence established that Bradford received his injuries due to Ross acting in necessary self-defense.” In support of this claim, he submits that the State failed to produce any physical evidence to dispute Ross’s theory that Bradford was the initial aggressor and suffered the stab wounds when he fell upon the knife during the scuffle. Ross additionally argues that Bradford’s testimony that he had consumed alcohol prior to the incident also supports his claim that the verdict was against the overwhelming weight of the evidence.
¶ 13. As was stated above, it is for the jury to determine the credibility of the witnesses. Based upon the verdict, the jury obviously rejected Ross’s theory that Bradford inadvertently stabbed himself five times during the scuffle. A review of *283 the evidence in the light most favorable to the verdict supports the jury’s finding; therefore, this issue is also without merit.
¶ 14. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE, AS A HABITUAL OFFENDER, OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. We note that Ross was sentenced as a habitual offender pursuant to section 99-19-81, mandating that he receive the maximum sentence authorized by statute. Ross did not receive the maximum sentence of twenty years for aggravated assault pursuant to section 97-3-7(2). However, the State filed no cross-appeal on this issue as permitted by Mississippi Code Annotated section 99-35-103(c) (Rev.2007).

. There was testimony at trial that a young child was also in the apartment at the time of the incident; however, Ross was the sole adult in the apartment at the time.