CARLTON, J.,
for the Court:
¶ 1. On July 17, 2012, a Coahoma County jury found Christopher Brown guilty of the following: (1) the felony of leaving the scene of an accident that resulted in injury or death; (2) the misdemeanor of driving with a suspended license; and (3) the misdemeanor of failure to maintain insurance. Brown now appeals the Coahoma County Circuit Court’s denial of his motion for a judgment notwithstanding the verdict (JNOV)- Finding no error, we affirm.
FACTS
¶ 2. Around 6:15 a.m. on September 9, 2008, Brown drove to work on Lee Drive, a two-lane road in Clarksdale, Mississippi. At the same time that morning, Dr. Joe Campbell rode his bicycle along the same stretch of road. As noted in the- circuit judge’s order, “[i]t had been raining, was overcast, and the lighting was not particularly good” along the portion of the road on which the two men traveled. Brown smoked a cigarette as he drove, and when he lowered the passenger-side window to let out the cigarette smoke, he heard something hit his truck’s passenger-side mirror. However, Brown claims that he did not see anything in his rearview mirror and assumed that he possibly hit a bird. Brown therefore continued driving to his workplace in Farrell, Mississippi’.
¶ 8. Between 6:15 a.m. and 6:30 a.m., James Ward noticed a flashing light as he drove to work along Lee Drive. Ward backed up and discovered Dr. Campbell and his bicycle lying along the shoulder of the road. Ward also observed that the blinking light he had seen was a strobe light that ended up in the road. After failing to get a response from Dr. Campbell, Ward contacted the authorities. Coa-homa County Deputy Chris Doss arrived on the scene around 6:30 a.m. to 6:45 a.m. Dr. Campbell, who was still breathing but remained unresponsive, was transported by ambulance to a nearby hospital.[1] Like Ward, Deputy Doss observed the blinking strobe- light in the road. He also noted a bicycle, part of a helmet, and a medical flag, which is a thin plastic pole about five feet high with an orange, triangular-shaped flag attached to the top, lying near Dr. Campbell. Investigator Mario Mags-by of the Coahoma County Sheriffs De *899 partment also arrived and photographed the items observed by Deputy Doss.
¶ 4. After Brown arrived at his workplace, he inspected the outside of his truck and noted damage to both his front-right fender and his passenger-side mirror. Brown called his girlfriend, Sharonda Mullen, later in the day and asked her to call the hospital and to inquire whether any reports had come in regarding a person being struck by a vehicle. When Mullen called him back, Brown learned that Dr. Campbell had been hit earlier that morning on Lee Drive.
¶ 5. Brown subsequently contacted Deputy Stacy Lester, an off-duty deputy with the Coahoma County Sheriffs Department, and informed Deputy Lester that he may have been involved in an accident along Lee Drive earlier that morning. Upon Deputy Lester’s advice, Brown called the sheriffs department and spoke to the dispatcher, who promised to relay Brown’s call to Deputy Doss. Following this conversation with the dispatcher, Brown received a call from Deputy Doss, who asked Brown to come to the sheriffs department to further discuss the matter. Brown and Deputy Doss met in the sheriffs department parking lot around 11 a.m. and spoke briefly until Investigator Magsby arrived. The three men entered the sheriffs department, where Investigator Magsby wrote out Brown’s statement, and Brown then signed the statement.
¶ 6. After providing Investigator Mags-by and Deputy Doss with his statement, Brown accompanied the two men to Lee Drive. During this subsequent search of the area, the men found a mirror cover and a broken mirror several yards from where Dr. Campbell had been hit. Investigator Magsby photographed and collected the evidence, and the men returned to the sheriffs department. When Deputy Doss compared the mirror and mirror cover with the passenger-side mirror holder of Brown’s truck, the pieces matched. After discovery of these items, Brown was advised of his Miranda[2] rights.
¶ 7. On December 8, 2009, a Coahoma County grand jury indicted Brown for the felony of leaving the scene of an accident resulting in injury or death in violation of Mississippi Code Annotated section 63-3-401(1) (Rev.2004) (Count I), the misdemeanor of driving with a suspended license (Count II), and the misdemeanor of failure to maintain insurance (Count III). Prior to trial Brown’s attorney made a motion, on the basis of a Miranda-rights violation, to suppress both his statement and the evidence found by law enforcement after he gave his statement. The trial judge denied the motion, however, and Brown’s trial began on July 16, 2012.
¶ 8. Before opening statements, Brown indicated to the trial court that he wanted to plead guilty to the two misdemeanor counts of driving with a suspended license and failure to maintain insurance. The trial judge granted Brown’s motion to sever and then severed the misdemeanor charges from the felony charge to allow Brown to plead guilty in justice court. Brown’s attorney also made an ore tenus motion in limine to prohibit the State from mentioning the misdemeanor counts during the trial, which the judge granted because he found the evidence more prejudicial than probative under Mississippi Rule of Evidence 403. During trial, however, following testimony from several of the State’s witnesses, the State asked the trial court to reconsider its pretrial ruling regarding the evidence of the misdemeanor counts. The State argued that the evidence underlying the misdemeanor *900 charges as to Brown’s lack of insurance and his suspended license was admissible pursuant to Mississippi Rule of Evidence 404(b) to show Brown’s motivation for leaving the scene of the accident with Dr. Campbell. Conversely, Brown’s attorney asserted that offering the evidence of other crimes would be highly prejudicial to Brown. Brown and his attorney conferred, however, and ultimately agreed on the record to have the severance of the misdemeanor counts set aside and to allow all three charges to be submitted to the jury for a determination on the issue of guilt. The trial court then granted the State’s motion to set aside the severance and to allow the State to attempt to prove the misdemeanor charges and to present evidence of the charges to demonstrate Brown’s motive for leaving the accident scene. At the close of the State’s case, Brown’s attorney moved for a directed verdict of acquittal on all three counts charged in the indictment. The judge overruled the motion, and Brown did not put forth any witness testimony.
¶ 9. The jury found Brown guilty of all three counts charged in the indictment. For Count I, the felony of leaving the scene of an accident that resulted in injury or death, the trial court sentenced Brown to three years in the custody of the Mississippi Department of Corrections (MDOC), with two years of post-release supervision, and ordered Brown to pay a $500 fine. For Count II, the misdemeanor of driving with a suspended license, the trial court sentenced Brown to six months, to be served concurrently with the sentence imposed in Count I, and ordered him to pay a $350 fine. For Count III, the misdemean- or of failing to maintain insurance, the trial court ordered Brown to pay a fine of $350, which was imposed concurrently with the fine in Count II.
¶ 10. Following his sentencing, Brown filed motions for a JNOV or, in the alternative, a new trial. The trial court denied these motions, and Brown appeals. In his brief, Brown raises the following assignments of error: (1) the trial court abused its discretion when it allowed the State to use the misdemeanor charges pursuant to Rule 404(b); (2) the trial court erred when it failed to issue the jury a limiting instruction regarding the evidence of the misdemeanor charges; (3) the evidence was legally insufficient to support the guilty verdict; and (4) the verdict was against the overwhelming weight of the evidence.
¶ 11. Prior to hearing oral argument on Brown’s appeal, the Court learned of a new development in his case. As of the date of oral argument, Brown had completed his three-year sentence in the custody of MDOC and had begun his two years of post-release supervision. Therefore, while Brown originally planned to argue all four of the above-mentioned issues on appeal, he amended his argument on appeal to only include the issue of whether the evidence against him was legally sufficient to support the guilty verdict. Accordingly, this is the only argument that we address in our opinion.
DISCUSSION
¶ 12. A motion for a JNOV challenges the legal sufficiency of the evidence. Dampeer v. State, 989 So.2d 462, 464 (¶ 6) (Miss.Ct.App.2008) (citation omitted). This Court has previously recognized:
In reviewing a challenge to the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prosecution and accept all evidence supporting the verdict as true. The State is given the benefit of all favorable inferences that may reasonably be drawn from the evidence. We will reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair- *901 minded jurors could only find the accused not guilty.
Id. at (¶ 7) (internal citations and quotation marks omitted). Considering the evidence in the present case in the light most favorable to the State, we find that sufficient evidence existed to convict Brown for the felony of leaving the scene of an accident that resulted in injury or death.
¶ 13. Count I of Brown’s indictment charged:
Christopher Brown ... did drive a vehicle involved in an accident which resulted in the incapacitation and permanent disability or death of another person ..., and following said accident, knowingly, wilfully, unlawfully and feloniously did fail to immediately stop such vehicle at the scene of the accident or as close thereto as possible, and return to or remain at the scene of the said accident and render reasonable assistance ... as set out in [Mississippi Code Annotated] [section 63-3-405 [ (Rev.2004).]
¶ 14. Brown argues that none of the State’s witnesses provided evidence that he knowingly left the scene of the accident with Dr. Campbell. He instead argues that the evidence put forth by the State corroborates his story that he never saw Dr. Campbell. The jury heard testimony from three witnesses, however, that Dr. Campbell’s bicycle was equipped with a blinking strobe light and an orange medical flag, which sat atop a five-foot-high plastic pole. Ward testified that he noticed the blinking light in the road and stopped to investigate the source. Deputy Doss also noted the items when he arrived on the scene, and Investigator Magsby photographed the items. The jury also heard testimony that Brown’s collision with Dr. Campbell not only damaged the right fender of Brown’s truck but also broke his passenger-side mirror and tore off the accompanying mirror cover. Brown’s own statement to the police also reflected that he thought he might have hit something other than a bird. After arriving to work, Brown called his girlfriend and asked her to call the hospital to see whether any reports had come in regarding someone struck by a vehicle.
¶ 15. In light of these facts, we conclude that a rational juror could have found beyond a reasonable doubt that the State proved all the elements necessary to show that Brown knowingly left the scene of the accident with Dr. Campbell. See Dampeer, 989 So.2d at 464 (¶ 7). As a result, this issue lacks merit.
¶ 16. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, LEAVING THE SCENE OF AN ACCIDENT RESULTING IN INJURY OR DEATH, AND SENTENCE OF THREE YEARS, WITH TWO YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $500 FINE; COUNT II, DRIVING WITH A SUSPENDED LICENSE, AND SENTENCE OF SIX MONTHS, AND TO PAY A $350 FINE; AND COUNT III, FAILURE TO MAINTAIN INSURANCE, AND SENTENCE TO PAY A $350 FINE; WITH THE SENTENCES IN COUNTS I AND II TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND WITH THE FINES IN COUNTS II AND III TO BE IMPOSED CONCURRENTLY; IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Dr. Campbell suffered a closed head injury and later passed away as a result of the injury-

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).