# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00448-COA

**COREY RAY CAGLE A/K/A COREY CAGLE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2017 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/07/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Corey Cagle was convicted on one count of possession of a controlled substance within a jail facility in violation of Mississippi Code Annotated section 47-5-198(1) (Rev. 2015) and sentenced to seven years in the custody of Mississippi Department of Corrections (MDOC).  Cagle filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial.  The Attala County Circuit Court denied Cagle's motion.  Cagle timely appeals.  Finding no error, we affirm.

## FACTS

¶2.     On March 5, 2016, Cagle contends that he was contacted by Blake Rice, an inmate

in the Attala County Jail, through Shawn James, another inmate, to do him a favor. Rice wanted Cagle to go by his mother's home and pick up money in anticipation of his release. Additionally, Rice wanted Cagle to meet a woman, whom Cagle did not know, to get clothing for him. In his statement to police, Cagle stated that he picked up the money and met the woman for the clothes. Cagle asserted that the woman handed him a bag, and although he felt the bag, he never looked inside.

¶3.     When Cagle arrived at the jail to drop off the bag and money, Deputies Scott Walters and Hugh Curry were standing outside of the jail, and Officer Darren Fleming was sitting in his car. Rice had instructed Cagle to give the bag to Tanya Roby, the jailer-on-duty, and leave it in Jordan Ickom's name. Cagle stated that Rice told him that Roby would know what to do with the money. Cagle dropped the bag off with Roby and immediately left the jail.

¶4.     At trial, Walters testified that he first smelled marijuana when Cagle walked past him while entering the jail. Although in Walters's written incident report, which he wrote the same day as the incident, he states he did not smell marijuana until after Cagle exited the jail on his way back to his vehicle. Walters testified that seconds after Cagle exited, he went inside of the jail and asked Roby who brought the bag. Roby stated she did not know who he was and pointed to a name on a board of inmates, Emmanuel Wilkes.

¶5.     Walters inspected the bag, found a towel inside, and opened the towel, discovering a plastic baggie and a gray duct-taped item wrapped inside. Walter stated that he cut open the baggie and the duct tape, revealing marijuana in both. Roby testified that in the moments between Cagle exiting the jail and Walters inspecting the bag, she had opened the bag, saw

2

the towel, smelled the marijuana, removed the money, and threw the bag on a stand by a television. Additionally, Roby said that after removing the thirty dollars, she placed it in a property bag and locked the money in a cabinet. Later, Roby was asked by the sheriff about removing the money, and she denied doing so, stating that she thought she was being set-up by Cagle.

¶6. Before entering the jail, Walters had instructed Fleming to wait in his car and watch which direction Cagle went. After finding the marijuana, Walters and Fleming followed and arrested Cagle down the street. Cagle allowed Walters to drive his vehicle back to the county jail and willingly gave a statement to the police. Cagle told an investigator he was unaware there was marijuana in the towel.

¶7. After a jury trial, Cagle was convicted on one count of possession of a controlled substance within a jail facility as a habitual offender and sentenced to seven years in the custody of MDOC. After the circuit court denied Cagle's motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial, he appeals.

## STANDARD OF REVIEW

¶8. "In reviewing a challenge to the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prosecution and accept all evidence supporting the verdict as true." *Dampeer v. State*, 989 So. 2d 462, 464 (¶7) (Miss. Ct. App. 2008). "The State is given the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Id.* (internal quotation mark omitted). This Court may only reverse where "with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Id.*

3

## DISCUSSION

¶9. On appeal, Cagle argues that there was insufficient evidence to sustain his conviction of possession of a controlled substance in a correctional facility because the State did not establish Cagle knowingly possessed the marijuana.

¶10. Cagle's indictment charged him with "wilfully, unlawfully, feloniously, and knowingly or intentionally, and without authority of law, bring to, or be in possession of, a controlled substance in the Attala County Jail, in violation of Mississippi Code Ann. section 47-5-198(1). . . ." However, Mississippi Code Annotated section 47-5-198(1)[1] does not require the defendant to "knowingly" be in possession of a controlled substance. Here, the State produced evidence, through Walters's and Roby's testimonies, that Cagle was in possession of the bag and brought the bag into the Attala County Jail. Despite Walters's conflicting testimony, "the jury is the final arbiter of a witness's credibility." *Robinson v. State*, 227 So. 3d 423, 426 (¶14) (Miss. Ct. App. 2017) (citing *Williams v. State*, 794 So. 2d 1019, 1028 (¶59) (Miss. 2001)).

¶11. Similarly positioned is *Woods v. State*, 19 So. 3d 817 (Miss. Ct. App. 2009). In *Woods*, Roshun Woods was convicted of possession of a controlled substance within a correctional facility. *Id*. at 818 (¶1). Woods purchased deodorant, soap, and toothpaste from a local Dollar General store for her husband who was an inmate in the Tunica County Jail. *Id*. at (¶2). Woods left the items with the jailer-on-call, and when the items were examined,

---

[1] "It is unlawful for any person to sell within, bring to, or be in possession of, in any correctional facility or convict camp within the state or any county, municipal or other jail within the state, except as authorized by law, any controlled substance or narcotic drug."

two rolls of marijuana, aluminum foil, and a blunt cigar were found inside of the deodorant container. *Id*. at 819 (¶3). Woods, like Cagle, maintained that she was unaware of the drugs' presence. *Id*. at (¶4).

¶12. On appeal, Woods challenged the sufficiency and the weight of the evidence placing emphasis on her husband's godmother's (Eunice Odums) testimony in support of her assertions. *Id*. at 820 (¶9). Odums testified that she was with Woods at Dollar General and when Woods went to drop off the items at the jail. *Id*. at 819 (¶4). However, Odums stated that she remained in the car and did not go into the jail with Woods. *Id.* Like the case at hand, the *Woods* jury served as "the final arbiter" of credibility and ultimately did not give much weight to Odums's testimony, finding Woods guilty. *See id.* at 821 (¶14); *Robinson*, 227 So. 3d at 426 (¶14). At Cagle's trial, the jury heard and weighed the evidence. They balanced Walters's testimony regarding smelling marijuana as Cagle passed him. The jury also considered Cagle's statement as well as Roby's testimony. After a brief period of deliberation, the jury returned with a guilty verdict.

¶13. This Court has held that "[w]e do not reverse criminal cases where there is a straight issue of fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury." *Woods*, 19 So. 3d at 821 (¶13) (quoting *Hales v. State*, 933 So. 2d 962, 968-69 (¶24) (Miss. 2006)). Here, in reviewing the evidence in a light most favorable to the verdict,[2] we find that reasonable jurors could have found that Cagle brought marijuana

---

[2] *Dampeer*, 989 So. 2d at 465 (¶12).

into a correctional facility in violation of Mississippi Code Annotated section 47-5-198.

Therefore, finding no error, we affirm.

¶14. **AFFIRMED.**

      **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**