# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00314-COA

ANDREW C. CRUSE, JR. A/K/A ANDREW           APPELLANT
CLINTON CRUSE, JR. A/K/A ANDREW
CLINTON CRUSE A/K/A ANDREW C. CRUSE
A/K/A ANDREW CRUSE A/K/A SPARKY A/K/A
CLINT

v.

STATE OF MISSISSIPPI                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER       GEORGE T. HOLMES       ERIN E. BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/14/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Andrew Clinton Cruse Jr. was indicted as a violent habitual offender by the Harrison County Grand Jury for kidnapping, aggravated assault, forcible sexual intercourse, and sexual battery. After a jury trial, Cruse was found guilty of kidnapping, aggravated assault, and forcible sexual intercourse but was acquitted of sexual battery. Cruse was sentenced to life

without parole in the custody of the Mississippi Department of Corrections (MDOC) for each of the convictions, with the sentences to run concurrently. Cruse filed a motion for a judgment notwithstanding the verdict (JNOV), or in the alternative, for a new trial, which the trial court denied. Cruse timely appeals. After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On February 23, 2015, Tina Ivy was spotted naked running from a nearby wooded area[1] to a Lowe's parking lot in Gulfport, Mississippi. Ivy was naked, her head was covered in blood, and her arms were bound behind her back with duct tape and zip ties. Witnesses at trial testified that Ivy stated that she had been held against her will in a tent and raped. Ivy also stated that Cruse tried to drug her, but she refused to swallow the pills. Ivy named her assailant as "Clint." However, the assailant was later identified as Andrew Clinton Cruse Jr., whose nickname is "Clint."

¶3. Sergeant Christopher Werner, a detective with the Gulfport Police Department, testified that he arrived at the campsite in the wooded area that Ivy had described and noticed two open tents. Sergeant Werner stated that he found paperwork with both Cruse's and Ivy's names inside one of the tents. Cruse was later arrested approximately one-half of a mile away from the campsite on an unrelated bench warrant. Ivy picked out Cruse's photo and identified him as her attacker, and Cruse was arrested for kidnapping, aggravated assault, forcible sexual intercourse, and sexual battery.

---

[1] Cruse testified that he was homeless due to hard times he endured after the death of his wife, and that he had set up two tents in a wooded area close to Lowe's. Ivy testified that she lived in Alabama, but she ended up in Gulfport, Mississippi, after spending the night with a friend.

¶4. At trial, Cruse testified that he and Ivy had consensual sex, and bruises she sustained were the result of an altercation Ivy had with her boyfriend. However, Cruse admitted to slapping Ivy with an open hand and tying her up with duct tape during their sexual encounter. However, Cruse stated that Ivy asked to be bound while they engaged in sexual intercourse, and that his girlfriend was also with them during their sexual encounter.

¶5. The jury did not find Cruse's testimony persuasive as to three of the four indicted offenses, and Cruse was convicted of kidnapping, aggravated assault, and forcible sexual intercourse. After the denial of Cruse's JNOV motion, or in the alternative, a new trial, Cruse timely appeals.

## STANDARD OF REVIEW

¶6. "A denial of a judgment notwithstanding the verdict is subject to de novo review on appeal." *Kirk v. State*, 160 So. 3d 685, 695 (¶24) (Miss. 2015). "[The reviewing] Court will affirm the denial of a motion for [a] JNOV if there is substantial evidence to support the verdict." *Id*. at (¶25).

## DISCUSSION

### I. Denial of Davis's Motion to Withdraw

¶7. Cruse asserts that the trial court erred in refusing to allow his attorney, James "Jim" Davis, to withdraw. We disagree.

¶8. The trial court noted that Cruse filed complaints against his previous attorney appointed to his case.[2] Cruse also filed complaints against Davis alleging that he was trying

---

[2] Prior to trial, an attorney with the Harrison County Public Defender's Office was was appointed as Cruse's trial counsel. However, Cruse filed a number of bar complaints

3

to sabotage his case. As a result, Davis filed a motion to withdraw as Cruse's counsel. The trial court found that Cruse was trying to manipulate the legal system and reasoned that Cruse would likely file a complaint against his next attorney if Davis was allowed to withdraw. Moreover, at the hearing regarding Davis's motion to withdraw, Cruse acknowledged that there was no longer a conflict with Davis. The following is an excerpt of Cruse's statement during the hearing:

THE COURT: Do you think there is an actual conflict between you and he? I understand you said some pretty scandalous things about him.

CRUSE: Possibly later. At this time it is not really no conflict between me and Mr. Davis. It depends on I guess that judgment whether he wants to proceed as my attorney or not.

¶9. Cruse also acknowledged that he would not pursue the bar complaint he filed against Davis during that hearing. As a result, the trial court denied Davis's motion to withdraw. This Court has held that "[t]he trial court has complete discretion when considering a motion to withdraw as counsel." *Strickland v. State*, 220 So. 3d 1027, 1037 (¶35) (Miss. Ct. App. 2016) (citing *Hill v. State*, 134 So. 3d 721, 725 (¶15) (Miss. 2014)).

¶10. Cruse maintains that the facts of his case are somewhat analogous to the facts in *Hill v. State*, 134 So. 3d 721 (Miss. 2014). In *Hill*, "[the attorney] was granted her request to withdraw as counsel because of a conflict of interest but simultaneously was assigned to

against the attorneys in the Public Defender's Office and submitted a letter indicating that he did not want anyone from the Public Defender's Office to represent him. As a result, the trial court appointed Davis as Cruse's counsel. Cruse also filed a motion accusing the judge presiding over his trial of conspiring against him with the District Attorney's Office and requested that he recuse. However, the motion for recusal was denied.

4

remain in an advisory-counsel capacity." *Id*. at 725 (¶16). The Mississippi Supreme Court held that "the trial court erred by assigning [an attorney] as Hill's advisory counsel while, at the same time, allowing her to withdraw as his counsel because of a conflict of interest." *Id*. at 726-27 (¶24). The Supreme Court also held that "the trial court again erred when [the attorney] was required to remain as advisory counsel once a conflict arose between her duty to the court and her duty to Hill." *Id*. at 727 (¶24).

¶11. Here, Cruse reported to the trial court that he would keep Davis as his attorney, and he explained that the supposed reason why he filed a bar complaint against Davis was due primarily to their communication issues. Furthermore, Davis did not have a conflict with the trial court. Also during the hearing, the following exchange took place between Cruse and the trial court:

> THE COURT: Is it a communication thing or do you really, truly, honestly under your oath right now believe that he is trying to sabotage your defense?
>
> CRUSE: I think it might be more of a communication thing. I do realize that Mr. Davis has got an extremely high caseload and been doing a lot of trials lately.
>
> THE COURT: And being successful. You know Mr. Davis has been a practicing attorney for, I think, over 30 years.
>
> CRUSE: I know he has a very good reputation as a trial attorney.

Moreover, "[l]imitations must be enforced when considering appointing new counsel to circumvent any maneuvers that interfere with the 'orderly procedure in the courts or the fair administration of justice.'" *Id*. at 725 (¶15). As a result, Davis's motion to withdraw was denied.

¶12. The record reflects that Davis filed timely motions, cross examined witnesses, and adequately represented Cruse; as well, this Court notes that Cruse was also acquitted of sexual battery. After review of the record in its entirety, we find no abuse of discretion, and this issue is without merit.

## II. Sufficiency of the Evidence

¶13. Cruse challenged the sufficiency of the evidence in his motion for a directed verdict at the end of the State's case, and later in his posttrial JNOV motion. "On review of the sufficiency of the evidence, this Court considers the trial court's ruling at the last time the sufficiency of the evidence was challenged." *Warren*, 187 So. 3d at 627 (¶29). Further, "[i]n reviewing the denial of a motion for JNOV, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (internal quotation mark omitted).

¶14. Ivy testified that Cruse hit her in the head with a hammer, bound her with duct tape, held her against her will, and engaged in sexual intercourse with her without her consent. Dr. Levin, an expert in emergency room medicine, testified that Ivy's skull fracture was consistent with being hit in the head with an object, such as a hammer. Johnathon Bowles, a witness at Lowe's, testified that Ivy informed him that she met a man in the Walmart parking lot who offered her shelter, then struck her with a hammer. Russell Jones also testified that Ivy stated that she had been kept in the woods in a tent that was either blue or had blue tarp over it against her will.

¶15. Ivy testified that no one else other than Cruse was present inside the tent and that she never consented to sexual intercourse with him. Furthermore, Ivy's blood was found on the pair of jeans Cruse was wearing shortly after he was apprehended. Other witnesses from the parking lot testified that they also encountered Ivy while she was naked, bloody, and bound with zip ties and duct tape. Cruse, nevertheless, maintains that Ivy was not a credible witness because of certain inconsistencies within her testimony. However, "the jury is the final arbiter of a witness's credibility . . . [and] the jury weighs the weight and worth of any conflicting testimony." *Robinson v. State*, 227 So. 3d 423, 426 (¶14) (Miss. Ct. App. 2017) (citation omitted).

¶16. Considering the evidence in the light most favorable to the verdict, the evidence was sufficient to enable a reasonable jury to find Cruse guilty of the indicted offenses.

### III. Overwhelming Weight of the Evidence

¶17. Cruse asserts that the verdict was against the overwhelming weight of the evidence. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, this Court will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id*. at 425 (¶10). "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will constitute an unconscionable injustice." *Id*.

¶18. Based on the evidence presented, we find that the State adequately proved that Cruse bound Ivy against her will, assaulted her with a hammer, and had sexual intercourse with Ivy against her will. Accordingly, we cannot find that the verdict was so contrary to the overwhelming weight of the evidence that to allow Cruse's conviction to stand would sanction an unconscionable injustice. Therefore, we find this issue is without merit.

## IV. Cumulative Error

¶19. Cruse argues that he is entitled to relief based on cumulative error. "The cumulative error doctrine stems from the doctrine of harmless error, which holds that individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Rogers v. State*, 205 So. 3d 660, 664-65 (¶17) (Miss. Ct. App. 2015). Here, Cruse alleges that the crime-lab report and the denial of his motion for continuance created cumulative error.

### A. Crime-Lab Report

¶20. Cruse contends that the DNA results within the crime-lab report were "arguably" withheld from him until later at trial. However, he concedes that there was no actual proof that the evidence was withheld, but it appears to be a huge coincidence. Further, Cruse asserts that this report would not have impacted the case one way or another. Accordingly, we find this issue without merit.

### B. Motion for a Continuance

¶21. Cruse argues that the trial court erred in denying his motion for continuance. Cruse

requested that the trial court allow time to investigate Ivy's other allegations of sexual assaults. "The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice." *Pilgrim v. State*, 19 So. 3d 148, 152 (¶13) (Miss. Ct. App. 2009).

¶22. Here, the trial court found that Cruse failed to demonstrate that he was prejudiced by the denial of his motion for a continuance. Accordingly, we find no error.

### V. Cruse's Additional Claims

¶23. Cruse filed a twenty-two page pro se brief, which Cruse refers to as an "amendment" to his principal brief, in January 2018. In this brief, Cruse alleged eighteen different violations of his rights.[3] While several of these alleged violations listed were mere recitations of the issues in his principal brief, we note that Cruse mentioned a claim for ineffective assistance of counsel.

¶24. In *Johnson v. State*, 196 So. 3d 973, 975 (¶7) (Miss. Ct. App. 2015), this Court held that:

> A claim of ineffective assistance of counsel on direct appeal "should be addressed only when (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge. Therefore, ineffective assistance claims are more appropriately brought during post-conviction proceedings . . . because, during direct appeals, the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately. However,

---

[3] Cruse alleged that Ivy perjured herself, the trial judge refused to recuse himself although a conflict of interest arose, a mistrial should have been declared after Dr. Levin's testimony, malicious prosecution, there should have been a change in venue, and a number of other allegations against his attorney, the judge, and the police department.

9

a claim may be brought on direct appeal if such issues are based on facts fully apparent from the record.

(Citations and internal quotation marks omitted).

¶25.　Moreover, "[w]here the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief." *Id*. at (¶8).　Here, the State did not stipulate that the record was adequate enough to address Cruse's claim that his trial counsel was ineffective.　Additionally, the record does not affirmatively show ineffectiveness of constitutional dimensions.　Therefore, we decline to address this issue, leaving Cruse free to seek relief through a post-conviction relief motion if he desires to do so.

¶26.　Also in the January 2018 brief, Cruse raised two new issues:　(1) the legality of the search of his tent, and (2) venue.　Additionally, Cruse filed a pro se reply brief in February 2018, reiterating several issues listed in his brief in January 2018.

¶27.　But, Cruse did not raise these new issues in his principal brief before this Court, and "[w]e will not consider issues raised for the first time in an appellant's reply brief." *Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss. Ct. App. 2011).　Therefore, we decline to address any new issues submitted in Cruse's reply briefs.[4]　Accordingly, we find no error in the circuit court's denial of Cruse JNOV motion, or in the alternative, a new trial.

---

[4] We acknowledge that Cruse filed an addendum in this matter.　We find, however, that the addendum is a mere recitation of his other claims before this Court.　Accordingly, we have already addressed Cruse's claims.　The State's motion to strike the new issues in Cruse's pro se reply brief is dismissed as moot.

¶28.   **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**